M’Girk, C. J.,
delivered the opinion of the Court.
The case is, that Reetor commenced his suit in chancery, before the Chancellor, involving the consideration of a judgment at law; the Chancellor, before his appointment, was of counsel for Price, during the pendency of the proceedings at law.
The Legislature, at their June session, 1821, passed an act, diiectii gtl.e Chancellor in cases where he had been employed as counsel, to certify such causes to the Supreme Court, for their adjudication and determination. In this cate, tliere has been no decision or decree. The Chancellor refuses to certify the proceeding., and cause to this Court, on the ground, that the Constitution of the State, vests the Supreme Court with appellate jurisdiction only; and that, until there has Leen an adjudication in the cause, no appellate jurisdiction can attach.
The application is to the authority of this Court, to brirg the cause by certioTari. This application is resisted on the part of the Constitution, (ait. 5, si c. 2.) which says, the Supreme Court, except in cases otherwise directed by this Constitution, shall have appellate jurisd'etion only, which shall be co-extensire w.th the State, under the restrictions and limitations in this Constitution provided.
The application is supported by the 3d section, same article, which says: The Supreme Court shall have a general superintending control over all inferior Courts of law. It shall have power to issue wr its of habeas corpus, mandamus, guo warranto, certiorari, and other original remedial writs, and to hear and determine the same.
We will first consider the effect and extent of the words. The Supreme Court, except in cases otherwise directed by this Constitution, shall have appellate jurisdiction only. If this clause did not contain an exception, then there could not well be any doubt about the meaning of the clause; but, as it is, it must be construed to mean what it says, and that is, that the Supreme Court can only act, where there has been, in some inferior Court, an adjudication in the cause. But the exception is, that, although this is the general office and end of the Court, yet, cases may exist, wher e they shall exercise original jurisdiction, and the genus of those cases is pointed out by the Constitution itself.
We will now consider the case contemplated by the exception, which will he found in the 3d section of the above article; which is, that the Supreme Court shall have a general superintending control, &e. It shall have power to issue writs of habeas corpus, mandamus, guo warranto, certiorari, &c., and to hear and determine the same. Here, the exception to the Court’s appellate jurisdiction only, is satisfied and filled up, and there is nothing also in the Constitution, with respect to the- *142 exercise of appellate jurisdiction, wliich directs otherwise. This direction, with respect to these writs, is clearly otherwise than the exercise of appellate jurisdiction only. Granting, hearing and determining a writ of habeas corpus, is the exercise of oriainal jurisdiction; and so with respect to mandamus and quo warranto. A certiorari is also an original writ, when it removes a cause; when it is used to complete a record, it is judicial, and the Court is authorized lo use it generally. Shall we then use it for -the purpose of drawing to this Court, original jurisdiction ? It is said, if, by this writ, we can remove .a cause before trial, the Legislature may make every case the object of a certiorari, and so give this Court original jurisdiction in all cases.
This is answered, by saying, that would be a violation of the spirit'of the Constitution. This provision was, doubtless, used by the convention, lor effecting some great end of justice, and to prevent a failure thereof. Now, it would be contrary to all justice, that’a man should be judge in his own cause; yet, if there should be no other Court in the State, having jurisdiction thereof, there would be a failure of justice, which the Constitution never intended.
To secure personal liberty, and to provide abundance o( means, this Court shall use the writ of habeas corpus ; to carry into effect that provision of the Constitution which gives this Court superintending control, we must use the writ of mandamos ; and also, for the same purpose, and for the purpose of presenting any unconstitutional and illegal exercise of authority within the State, the quo warranto is given. In all these cases, we can clearly see the constitutional objects of the writs named.
When the Constitution was formed, and forming, the common law of England was the law of the land, and the use of the writ of certiorari was defined, and its application pointed out by that law. The Constitution is to he understood in reference to things as they weje at the time it was made. At that time the law was, that it was subversive of the first principles of justice, that a man should he judge in his own cause; it therefore gives the certiorari to remedy this evil, for which there would otherwise be no remedy, or no sufficient one under our judicial system. Here, the case is, not that the party himself is the judge, but his counsel; or rather, he who. was counsel on the whole merits involved in law and equity, is the judge; and counsel may he able to he impartial, and yet they may not. Rut independently of that, the counsel, from the circumstance of being placed in a delicate situation, accustomed to think on one side of the question only, hearing and often only knowing one side, may receive such bias as wbuld render him unfit to be the judge in the cause ; and, under these circumstances, he might do justice, yet, he might not — the chances are against him. And, for many other reasons, any other judge may err, hut the chances are not so many; and against these last chances, there can he no human remedy at all times. But here, there is a remedy against the most probable chances of error: that remedy is a certiorari; and it is our duty to grant it, and to hear the case in this Court, where no such cause exists.
Let the certiorari he awarded.