THE STATE EX REL. THOMAS & PROETZ LUMBER COMPANY and DESTRE-HAN REAL ESTATE COMPANY v. ARTHUR H. BADER, Judge of Circuit Court.—41 S. W. (2d) 168.

Court en Banc, June 30, 1931.

*Neuhoff & Millar* for relators.

*R. I. Green* and *Anderson, Gilbert & Wolfort* for respondent.

GANTT, J.—Original proceeding in certiorari. Relators seek to have quashed the record of the proceedings in St. Louis Electric Terminal Railway Co. v. Thomas & Proetz Lumber Co. and Destrehan Real Estate Co., pending in the Circuit Court of St. Louis. They are defendants in that suit. The Terminal Company's road enters St. Louis from the east over the McKinley Bridge in North St. Louis. It is constructing an elevated railroad from the bridge southwardly to its station in the city. In furtherance thereof it filed the suit above mentioned to condemn a right of way over relators' lands fifty feet in width and lying east of and contiguous to the right of way of the Burlington Railroad over relators' lands. The original petition was conventional. Under it commissioners were appointed who proceeded with hearings on the question of damages. After one or more hearings, and before completion of their investigation, the Terminal Company filed an amended petition.

In that petition it seeks to condemn said fifty feet of land "upon the conditions that the elevated structure for double-track railroad is to be constructed as shown by the plans approved by the Board of Public Service of the City of St. Louis on June 17, 1930, and that surface track or tracks east of said elevated structure shall be built on the present grade of the ground hereby sought to be condemned, or at a grade not below the grade of the tracks of the Chicago, Burlington & Quincy Railroad, and shall be connected with the tracks of the Chicago, Burlington & Quincy Railroad between Destrehan Street and the McKinley Bridge; and, for the purpose of rendering railroad service to the parcels of land of said defendants adjoining on the east of said fifty-foot strip condemned herein, there is hereby reserved to said Destrehan Real Estate Company and said Thomas & Proetz Lumber Company, their successors and assigns, the right to the Chicago, Burlington & Quincy Railroad Company, its successors and assigns, to operate over any track which plaintiff may lay on the surface, in order that said Chicago, Burlington & Quincy Railroad Company, successors and assigns, may be able to render to said tracts of land of defendants the same service that said tracts

of defendants, adjoining said Chicago, Burlington & Quincy Railroad on the east, may be entitled to receive from said Chicago, Burlington & Quincy Railroad at the time of filing of this suit.''

After other hearings under the amended petition, the commissioners filed their report awarding damages to relators. The Terminal Company paid into court the amount of the award and entered into possession of the strip of land. Relators filed several motions challenging the jurisdiction of the court, because of the amendment to the petition. These motions were overruled. Thereafter relators and the Terminal Company filed exceptions to the commissioners' report and motions for trial by jury. Thereafter relators filed motions to set aside the order of the court overruling their motions challenging the jurisdiction of the court. These motions were also overruled. Thereupon relators made application to this court for relief by our writ of certiorari.

Respondent contends that certiorari will not lie until final judgment is entered in a cause. Relators concede that certiorari in lieu of appeal or writ of error lies only after final judgment, but they contend that certiorari for want of jurisdiction will lie at any stage of the proceeding. They argue that the amended petition ''shows on its face that the suit is not one for condemnation of a right of way upon payment of money damages as contemplated by the law and statutes relating to condemnation, but is a suit for a forced barter or exchange of extraneous rights and privileges for a right of way through petitioners' property with merely the payment of the balance of the damages in money; that by said suit the Railway Company seeks to compel an acceptance by your petitioners, against their will, of licenses and privileges upon and in connection with the land of third persons not involved in said purported condemnation suit in part compensation for the right of way condemned, whereas the statutes of Missouri provide for condemnation only upon the payment of the damages in money; that for this reason said amended petition is not a proper petition in condemnation and is void on its face and does not confer any jurisdiction on respondent Honorable Arthur H. Bader, Judge of said Circuit Court, nor over the said property of your petitioners sought to be condemned.'' Therefore, they contend we were authorized to issue the writ, citing Rector v. Price, 1 Mo. 198 (Houck, 121), and State ex rel. Walker v. Dobson, 135 Mo. 1, 36 S. W. 238.

In the Rector case the chancellor before whom the cause was pending, had been of counsel for Price. In this situation the Legislature at their June session, 1821, passed an act directing him to certify the case to this court for trial. He refused to do so, contending that this court had only appellate jurisdiction. We did not

agree to the contention. The emergency was such that our writ was granted, and the case ordered transferred to this court by filing herein a certified copy of the record of the proceedings.

In the Walker case our writ of certiorari was issued directing a circuit judge to certify to this court for review a pending petition for a writ of *habeas corpus*. It was contended that the petition was not sufficient to confer jurisdiction. Application for our writ was made by the Attorney-General, and it was issued as of course. However, in the course of the opinion in that case we stated that "the issuance of the writ [certiorari] at the instance of an individual, will not go except in the exercise of a sound judicial discretion."

Of course, we are authorized in this proceeding to determine if the trial court is proceeding in excess of its jurisdiction. However, it does not follow that we should do so. Relators did not apply to this court for relief until after the Terminal Company had paid into court the amount of damages awarded and entered into possession of the land. In view of this, we think the trial court should be given an opportunity to rule the question of its jurisdiction on the trial of the issues presented by the exceptions to the report of commissioners. If the ruling of the trial court on the question of jurisdiction is adverse to relators, they have an adequate remedy by appeal.

It follows our writ should be quashed. It is so ordered. All concur.